IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Donald W. Gay, ) | C/A No.: 3:13-937-CMC-JRM |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Report and Recommendation |
| ) | |
| Warden McCall, ) | |
| ) | |
| Respondent. ) | |
| ) | |

Donald W. Gay ("Petitioner"), a self-represented state prisoner incarcerated at Lee Correctional Institution, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pursuant to the provisions of 28 U.S.C. §636(b) and Local Civil Rule 73.02(B)(2) DSC, the undersigned is authorized to review such petitions and submit findings and recommendations to the District Judge. For the reasons that follow, the undersigned recommends the District Judge dismiss the petition in this case without prejudice.

Under established local procedure in this judicial district, a careful review has been made of this *pro se* petition pursuant to the Rules Governing Section 2254 Proceedings for the United States District Court, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, and other habeas corpus statutes. The review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324–25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

The court is required to liberally construe *pro se* documents. *Estelle v. Gamble*, 429 U.S. 97 (1976). Such *pro se* documents are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v Pardus*, 551 U.S. 89 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9 (1980). Even under this less stringent standard, however, this *pro se* petition is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

## Background

Petitioner challenges a conviction and life sentence for murder, imposed in the Richland County Court of General Sessions on September 26, 1997. ECF No. 1 at 1. A document attached to the petition indicates that Petitioner filed a direct appeal and the South Carolina Supreme Court affirmed the conviction and sentence on January 24, 2001. ECF No. 1-1 at 3; *see also State v. Gay*, 541 S.E.2d 541 (S.C. 2001). Petitioner filed an application for post-conviction relief ("PCR") on February 13, 2001, which the state court denied on June 14, 2004. ECF No. 1-1 at 4. Petitioner appealed the dismissal of his PCR action to the South Carolina Supreme Court, which denied *certiorari* on March 26, 2007. *Id.* Petitioner filed a second PCR action on May 23, 2007, which the state court summarily dismissed with prejudice on June 18, 2009. *Id.* The South Carolina Supreme Court thereafter denied Petitioner's writ of *certiorari* on September 1, 2009. *Id.* Petitioner filed a third PCR application on February 23, 2012, which the state court dismissed with prejudice on August 1, 2012. *Id.* at 4–5. On October 29, 2012, Petitioner filed

his fourth PCR action. *Id.* at 3. A conditional order of dismissal in that case, dated February 7, 2013, is attached to the petition. *Id.* at 3–10.

## Discussion

The instant action constitutes Petitioner's fifth attempt to challenge his 1997 murder conviction via a petition for writ of habeas corpus in federal court.[1] The court dismissed Petitioner's first habeas petition without prejudice for Petitioner's failure to bring the case into proper form. *See Donald Gay v. State of South Carolina, et al.*, C/A No. 3:07-2623-CMC-JRM (D.S.C. Sept. 6. 2007). Petitioner's second federal habeas petition resulted in the court granting summary judgment for the Respondent and dismissing Petitioner's habeas action with prejudice. *See Donald Gay v. Anthony Padula*, C/A No. 3:07-4006-CMC (D.S.C. Sept. 10, 2008). The court found Petitioner's third and fourth habeas petitions successive and dismissed them without prejudice. *See Donald Gay v. Warden McCall*, C/A No. 3:12-1728-CMC (D.S.C. Aug. 9, 2012); *Donald Gay v. Henry D. McMasters, et al.*, 3:09-1681-CMC (D.S.C. July 16, 2009).

Under the AEDPA, "an individual may not file a second or successive § 2254 petition for a writ of habeas corpus or § 2255 motion to vacate sentence without first receiving permission to do so from the appropriate circuit court of appeals." *In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997); *see also* 28 U.S.C. § 2244(b). Thus, for this Court to consider a second or successive § 2254 petition, Petitioner must obtain a Pre-Filing Authorization from the United States Court of Appeals for the Fourth Circuit. *See Gonzalez v. Crosby*, 545 U.S. 524, 530 (2005) ("[B]efore the district court may accept a successive petition for filing, the court of appeals must determine that it presents a claim not previously raised that is sufficient to meet § 2244(b)(2)'s new-rule or

---

[1] A court may take judicial notice of its own records. *Mann v. Peoples First Nat. Bank & Trust Co.*, 209 F.2d 570, 572 (4th Cir. 1954); *see also Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989).

3

actual-innocence provisions."); *see also In re: Williams*, 330 F.3d 277 (4th Cir. 2003).  Petitioner can obtain the necessary forms from the Clerk's Office of the United States Court of Appeals for the Fourth Circuit. Because Petitioner did not obtain authorization from the Fourth Circuit to file the instant petition in the district court, this Court does not have jurisdiction to consider it.

## **Recommendation**

Accordingly, it is recommended that the petition for a writ of habeas corpus in the above-captioned case be dismissed *without prejudice*.  Petitioner's attention is directed to the important notice on the next page.

IT IS SO RECOMMENDED.

June 12, 2013                                                                                     Joseph R. McCrorey
Columbia, South Carolina                                                                United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).